UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELENE HINES, Individually and on Behalf of All Others Similarly Situated<br>　　　　　　　　　　　　　Plaintiff<br><br>- against -<br><br>1418 THIRD AVENUE LLC, KAREN VEDAD, SAID VEDAD, and TIRAMISU RESTAURANT LLC<br><br>　　　　　　　　　　　　　Defendants | **COMPLAINT**<br><br>16 Civ. 7189<br><br>**JURY DEMAND** |

Plaintiff, Helene Hines, complaining through her attorney, the Law Offices of James E. Bahamonde, respectfully alleges against Defendants:

## STATEMENT OF CLAIM

1.　In violation of well-settled, two-decade old law, Defendants have chosen to exclude disabled persons who are accompanied by service dogs, and failed to remove the architectural barriers preventing a disabled person using a wheelchair or scooter from access to, and use of, Defendants' place of public accommodation.

2.　Plaintiff files this action for herself and on behalf of those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, New York State Civil Rights Law § 40-c and 40-d, New York State Civil Rights Law § 47, New York State Human Rights Law § 296 *et seq.*, and New York City [Administrative Code] Human Rights Law § 8-107 *et seq*.

3.　Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

4. Plaintiff seek punitive damages against Defendants for their reckless and/or callous indifference to Plaintiff's protected rights under New York City Administrative Code.

## VENUE AND JURISDICTION

5. That at all times hereinafter mentioned, Plaintiff is a resident of New York, NY.

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and Rehabilitation Act.

7. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

## THE PARTIES

9. Plaintiff Helene Hines has Multiple Sclerosis, which is a debilitating, permanent disability. As such, she is an individual with a qualified disability for purposes of this action.

10. As a direct and proximate result of Mrs. Hines' disability, she is substantially limited in walking and requires the use of a prosthetic device and a wheelchair for ambulation.

11. Since 2001, Mrs. Hines has owned a trained service dog. The service dog aids Mrs. Hines by helping her to maintain balance and other assistance, such as fetching items.

12. Defendant 1418 THIRD AVENUE LLC is a domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

13.     Upon information and belief, Defendant 1418 THIRD AVENUE LLC leases part of its commercial property to Defendants TIRAMISU RESTAURANT LLC.

14.     Defendant TIRAMISU RESTAURANT LLC is a domestic limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

15.     Defendant TIRAMISU RESTAURANT LLC owns and operates a restaurant named Tiramisu Restaurant located at 1410 3rd Ave., New York, NY.

16.     Upon information and belief, Defendant KAREN VEDAD resides in New York County, New York.

17.     Upon information and belief, Defendant KAREN VEDAD is a shareholder of TIRAMISU RESTAURANT LLC.

18.     Upon information and belief, Defendant SAID VEDAD resides in New York County, New York

19.     Upon information and belief, Defendant SAID VEDAD is a shareholder of TIRAMISU RESTAURANT LLC.

20.     The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

## CLASS ACTION

21.     Plaintiff brings this suit for declaratory and injunctive relief and, pursuant to F.R.C.P. 23, as a class action for all those similarly situated, who, as persons having mobility disabilities, and use, or desire to use, the services and accommodations offered to the public by Defendants, are protected by, and are beneficiaries of, the ADA, state and local laws.

22. Plaintiff, complaining for herself and all other residents in the State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

23. The 2010 United States Census estimates there are more than 1.39 million New Yorkers with a mobility disability.

24. Pursuant to the ADA, New York State Human Rights Law, and New York City Human Rights Law, individuals with disabilities are a legally protected class.

25. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

26. The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to, and usable by, a disabled individual.

27. Defendants are required to remove all readily achievable barriers which deny a disabled individual the opportunity to participate in, or benefit from, services or accommodations on the basis of disability.

28. If a restaurant prohibits dogs in the establishment, it must make exceptions for service dogs. This exception is called a reasonable accommodation.

29.     Failure to make a reasonable accommodation is considered discrimination in violation of the ADA, New York City Human Rights Law or New York State Human Rights Law.

30.     Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law and New York State Human Rights Law.

## FACTUAL BACKGROUND

31.     Plaintiff Helene Hines has been diagnosed with multiple sclerosis and has substantial limitations in walking. As a result, she ambulates with the assistance of her service dog.

32.     The symptoms of the multiple sclerosis usually strike Ms. Hines in the form of attacks, or the exacerbation of her existing symptoms. At times, Ms. Hines cannot ambulate without the assistance of a wheelchair or prosthetics.

33.     The service dog owned by Plaintiff has been trained to assist her with things such as maintaining balance, retrieving items that have fallen, and other disability related needs.

34.     When leaving her home, Ms. Hines places a vest on the dog identifying it as a service dog. In addition, Ms. Hines carries with her an ID issued by the City of New York identifying the service dog, as well as a copy of the statutes which allow Ms. Hines to be accompanied with her service dog in places of public accommodation.

35.     Defendants KAREN VEDAD and SAID VEDAD are licensed by the City of New York to operate a food service establishment named TIRAMISU RESTAURANT LLC located at 1410 3rd Ave., New York, NY.

36.     In May 2016, Defendants KAREN VEDAD and SAID VEDAD formulated, directed, controlled, had the authority to control, or participated in the discriminatory acts and practices alleged herein.

5

37.     In May 2016, Helene Hines, along with her service dog, accompanied her husband to Defendants' public accommodation located at 1410 3rd Ave., New York, NY. After being seated, a man who identified himself as the owner of Tiramisu Restaurant vehemently demanded that that the service dog cannot be in the restaurant. In response, Ms. Hines informed the owner that she is disabled and the dog is a service dog. Ms. Hines also provided the owner with a copy of the aforementioned statutes, and the ID issued by the City of New York identifying Ms. Hines and the service dog. However, the owner said he did not care about the ID or statute, and again demanded the service dog leave.

38.     Next, the owner became verbally aggressive and started yelling at Ms. Hines and her husband. Fearing the owner would become physically aggressive, Ms. Hines telephoned the police.

39.     Three officers responded to the call. After reviewing the ID, vest, and statute, the officers informed the owner that Ms. Hines had the right to be in the restaurant accompanied with the service dog. In response, the owner said he did not care, he did not want the service dog in the restaurant.

40.     Tiramisu Restaurant has two entrances, but both entrances have architectural barriers which prevent a disabled person who uses a wheelchair or scooter from entering the restaurant.

41.     Ms. Hines has the intention to return to Defendants' public accommodation once Defendants agree to modify their no dog policy and remove the necessary artificial barriers.

42.     The removal of existing architectural barriers is readily achievable.

43.     To date, Defendant has failed to remove the architectural barriers.

## FIRST CAUSE OF ACTION
### (Violation of the Americans with Disabilities Act)

44. Defendants' restaurant, which is named Tiramisu Restaurant, is located at 1410 Third Ave., New York, NY.

45. Tiramisu Restaurant is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104.

46. Defendants have failed to make adequate accommodations and modifications to its facility located at 1410 Third Avenue, New York, NY

47. Defendants have failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

48. There exists readily achievable modifications which would make Defendant's public accommodation accessible to and readily usable by Plaintiff and all others similarly situated.

49. Defendant failed to make the necessary readily achievable modifications to its public accommodation.

50. Upon information and belief, since 1992, Defendants facility has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

51. It is not impossible for Defendants to remove the architectural barriers which exist at its facility.

52. Defendants failed to design and construct its public accommodation that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

53. It is not structurally impracticable for Defendant's public accommodation to be

7

accessible.

54. Defendants failed to alter its public accommodation to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

55. Defendant's public accommodation is not fully accessible to, or readily useable by individuals with disabilities.

56. Features of Defendant's public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

    a. Defendants do not provide at least one accessible route within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 206.2 .1.

    b. Defendants do not provide an accessible means of egress in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 207.1.

    c. Defendants do not provide an accessible route to enter its public accommodation in violation of 28 C.F.R. § 36.403(e) and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 402.

    d. The walkway to enter Defendant's public accommodation have unlawful changes in level in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 303.2.

    e. The walkway to enter Defendant's public accommodation have unlawful changes in level in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 303, 403.

    f. Upon information and belief, Defendants bathrooms are inaccessible in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 604 and 606.

57. Defendants have not complied with its statutory obligation to ensure its policies, practices, procedures and reasonable accommodations for persons with disabilities are addressed.

58. Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

59. Defendants have subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

60. Defendants have afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

61. Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

62. Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

63. Reasonable accommodations exist which do not impose an undue hardship on the operation of the Defendants' program or activity.

64. Allowing Mrs. Hines to be accompanied with a service dog in Defendants' public accommodation would not fundamentally alter the nature of Defendants' goods, services,

9

facilities, privileges, advantages, or accommodations.

65. Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendants' program or activity.

## SECOND CAUSE OF ACTION
### (Violations of New York State Executive [Human Rights] Law § 296)

66. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

67. At all relevant times, Plaintiff Helene Hines has had a disability as defined by New York State Executive Law § 292(21).

68. Tiramisu Restaurant located at 1410 3rd Ave., New York, New York, is a public accommodation within the meaning of New York State Executive Law § 292(9).

69. The service dog owned by Helene Hines is a "service dog" as defined by New York State Executive Law § 292(33).

70. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment.

71. Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when she was segregated from all other customers.

72. Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

73. Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

10

74. Pursuant to New York State law, Defendants and its agents discriminated against Plaintiff.

75. The conduct of the Defendants constitute discrimination against a disabled person on the basis of the disabled person's use of a service dog in violation of New York State Executive Law § 296(14).

76. The conduct of Defendants constitute a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling in violation of New York State Executive Law § 296(18)(2).

77. As a direct and proximate result of Defendants' discriminatory conduct in a violation of New York State Executive Laws, Plaintiffs have suffered damages, including emotional distress and lost housing opportunity.

### THIRD CAUSE OF ACTION
### (Violation of New York State Civil Rights Laws §§ 40-c and 40-d)

78. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

79. On the basis of Plaintiff's disability, Defendants have violated her Civil Rights.

80. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

81. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

82. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Violations of New York State Civil Rights Law § 47)

83.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

84.     Defendants' public accommodation is a public facility as defined by New York State Civil Rights Law § 47.2.

85.     Defendants denied Helene Hines admittance to and/or the equal use and enjoyment of Defendants' public accommodation solely because she was accompanied by a service dog in violation of New York State Civil Rights Law § 47.

86.     Defendants did not provide Plaintiff with equal use of and enjoyment of the facility because she was accompanied by a service dog in violation of the New York State Civil Rights Law § 47.

87.     In violation of Civil Rights Law § 47-b, Defendants did not guarantee Plaintiff the right to have the service dog in her immediate custody.

88.     As a direct and proximate result of Defendants violation of New York State Civil Rights Law § 47, each Defendant should pay Helene Hines the fine of $1000.

## FIFTH CAUSE OF ACTION
### (Disability Discrimination in Violations of NYC Human Rights Law § 8-107(4))

89.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

90.     At all relevant times, Plaintiff Helene Hines has had a disability as defined by New York City Human Rights Law, NYC Administrative Code § 8-102(16).

91.     Tiramisu Restaurant located at 1410 Third Avenue, New York, New York, is a place

12

provider of public accommodation within the meaning of New York City Administrative Code § 8-102(9).

92. Plaintiff is a person as defined by New York City Human Rights Law § 8-102(1).

93. Plaintiff has served a copy of the complaint upon the City Commission on Human Rights and Corporation Counsel, pursuant to the New York City Administrative Code § 8-502(c).

94. In violation of New York City Admin. Code § 8-107(4), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

95. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

96. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

97. In violation of New York City Admin. Code, on the basis of Plaintiff's disability, Defendants have demonstrated that the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

98. Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

99. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and stomachache, and

emotional pain and suffering.

100. Defendants' actions were all taken intentionally, maliciously and/or with reckless and/or callous indifference for plaintiff's rights under New York City Administrative Code.

## SIXTH CAUSE OF ACTION
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**

101. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

102. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

103. Defendants failed to provide Plaintiff reasonable accommodations and modifications in violation of NYC Human Rights Law 8-107(15).

104. In violation of New York City Human Rights Law 8-102(4) and (18), and 8-107(4) and 8-107(15), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

105. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

106. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

107. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied

Plaintiff the accommodations, advantages, facilities or privileges thereof.

108. In violation of New York City Admin. Code, Defendants have demonstrated that, because of Plaintiff's disability, the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

109. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

110. Defendants' actions were all taken intentionally, maliciously and/or with reckless and/or callous indifference for Plaintiff's rights under New York City Administrative Code.

### SEVENTH CAUSE OF ACTION
### (Declaratory Relief)

111. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

112. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendants specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A.   Certify this case as a class action;

B.   Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring

Defendants to alter its facility making such facility readily accessible to and usable to individuals with disabilities, 3) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination.

C.  Enter declaratory judgment, specifying Defendant's violation of ADA, New York City Human Rights Law and New York State Law and declaring the rights of Plaintiff and other persons similarly situated as to Defendants' policies, practices, procedures, facilities, goods and services offered to the public.

D.  Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold each Defendant liable for $500 for each and every violation.

E.  Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State civil rights law.

F.  Award Plaintiff the amount of $1000 from each Defendant for their violation of New York State Civil Rights Law § 47.

G.  The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

H.  Award Plaintiff compensatory damages in the amount of $15,000 for Defendants violation of New York State Human Rights Law.

I.  Award Plaintiff compensatory damages in the amount of $15,000 for Defendants violation of New York City Administrative Code.

J.  Award Plaintiff punitive damages in the amount to be determined at trial for Defendants violation of New York City Administrative Code.

K.      Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: September 14, 2016

X _____*J-B*_____

JAMES E. BAHAMONDE, ESQ.
(JB6708)
Law Offices of James E. Bahamonde, P.C.
Attorney for the Plaintiff(s)
2501 Jody Court
North Bellmore, NY 11710
Tel: 646-290-8258
Fax: (646) 435-4376
James@CivilRightsNY.com